IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-228-BO

| | |
|---|---|
| SHERRILYN PEREIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 31] and defendant's motion for judgment on the pleadings [DE 33]. A hearing was held on this matter before the undersigned on January 13, 2021 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 31] is GRANTED and defendant's motion [DE 33] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits pursuant to Title II of the Social Security Act. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) on November 12, 2014, who issued an unfavorable ruling on February 23, 2017. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court. After briefing, issuance of a Magistrate's Memorandum and Recommendations, and claimant's objections United States District Judge Louise W. Flanagan issued an order on September 28, 2018, remanding this case to defendant for further proceedings

consistent with her order. The Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. Following a second hearing held on June 4, 2019, an ALJ again issued an unfavorable decision on September 5, 2019. Plaintiff then timely sought review of the Commissioner's second decision in this Court.

## DISCUSSION

Under 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be

2

made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant—based on age, education, work experience, and RFC—can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements, and that she had not engaged in substantial gainful activity since her amended alleged onset date. The ALJ found plaintiff's post-traumatic stress disorder, military sexual trauma, opioid dependence, cannabis dependence, major depressive order, mood/bipolar disorder, borderline personality disorder, chronic pelvic/abdominal pain/endometriosis/irritable bowel syndrome, and status-post surgeries were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a disability listing. The ALJ found plaintiff to have an RFC of a reduced range of light work with exertional

3

and non-exertional limitations. The ALJ found that at step four plaintiff could not return to her past relevant work as a photo lab worker, but that at step five, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to give adequate weight to plaintiff's VA rating or, at a minimum, provide sufficient reason for discounting that rating. In June 2008, the VA granted plaintiff full service-connected disability, including a 100% rating for her PTSD and 50% for her endometriosis. In *Bird v. Comm'r of Soc. Sec.*, the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d 337, 343 (4th Cir. 2012). The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* In order to afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ improperly disregarded the 100% service-connected rating, giving it only partial weight. The ALJ stated that there was no evidence of plaintiff's severe dysfunction subsequent to the VA's determination that she was entitled to a 100% service-connected disability due to her PSD, but that is not supported by the record. The ALJ received extensive evidence of plaintiff's psychiatric dysfunction during the period of time between the March 2009 opinion of Dr. Weinstein and the December 2013 opinion of Dr. Berg, a period of time which completely covers

4

the period of time through plaintiff's alleged disability onset. Contrary to the ALJ's criticism that the VA's rating included substance abuse as part of the analysis, Dr. Weinstein's March 2008 analysis of plaintiff's substance separated her substance abuse from her other conditions, finding that the PTSD was the source of her symptom complex. While the ALJ stated that the medical records and plaintiff's testimony indicated that medication and therapy treatment were effective, this reasoning is insufficient to permit a deviation from the VA's disability rating. The asserted "reduction in mental symptoms" plaintiff experienced was followed by decompensation, resulting in additional psychiatric hospitalizations. A review of the record makes clear that ALJ's failure to provide the VA's opinion with substantial weight was not harmless error.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). The Court in its discretion finds that reversal and remand for benefits is appropriate. The ALJ failed to give substantial weight to plaintiff's VA rating, and the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and reopening this case for yet another hearing would serve no purpose.

5

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 31] is GRANTED and defendant's motion for summary judgment [DE 33] is DENIED. The decision is REVERSED and REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __15__ day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE